of America. Good morning, Your Honors, may it please the Court, my name is Rehan Nasralli and I appellate counsel of the District Court. This appeal is about whether the District Court erred in denying the appellant's petition for writ of error quorum nobis without holding an evidentiary hearing when it was presented with an affidavit and an audio recording from the prosecutor's star witness recanting key testimony used to secure the conviction against the appellant. Am I correct he also recanted testimony that he never gave? Yes, Your Honor. So was the District Court entitled to be somewhat skeptical of someone who purported to deny having told the truth about issues that he never testified about in the first place? Well, Your Honor, the core claim in his affidavit was prosecutorial misconduct. Now, he added additional truths, if you will, about his transactions or the lack of transactions with Mr. Aconsa, but that doesn't diminish the core and central claim in his affidavit. Well, it doesn't make the District Court more justified in saying that this is all rather fishy, right? Also, the other question, Mr. Dosu, is that the name of this recanting witness? Yes, Your Honor. He's not in the United States, correct? Yes, Your Honor. So that would mean that the District Court was also entitled to conclude that he had nothing to lose by, if he wanted to, giving a perjured statement to the court now, right? Because there would be no recourse against him, right? I mean, who knows where this fellow is, right? Well, you can't get punished for perjury, so it's not like a witness who comes in and testifies under oath where if he perjures himself, he gets to be prosecuted. I mean, isn't that a correct statement of law that we've, the courts have held that a District Court is entitled to be more skeptical of a recanting witness who can't be held accountable? Well, Your Honor, I mean, the skepticism is noted and it's essential in determining the essential veracity of the claims. And there wasn't going to be, you say he should have had a hearing, but not with Mr. Dosu, right? Dosu's not around. Well, Your Honor, it could be tested. I mean, he's a guy. How are you going to test Dosu? Where is he? We have, he provided his telephone number. He provided some information in the affidavit. So what are you going to do? We're going to open a federal court and just get him on speaker phone? No, I'm serious. Literally, what's the suggestion? Well, Your Honor, we have modern means today using, you know, these various. There's somebody under oath out there in a foreign country. It's not binding on them. Well, you would be able to test through. Do we review the decision not to hold a hearing for abuse of discretion? Is it an abuse of discretion standard that we apply to the District Court's decision not to have a hearing? Yes, Your Honor. Where's the abuse of discretion here under the circumstances as Judge Nardini just elicited from you? Well, Your Honor, the claim of prosecutorial misconduct is extraordinary. Where's the abuse of discretion in not holding a hearing? Given that the witness wasn't here, given that the witness was recanting testimony that he never gave, how's that an abuse of discretion? The District Court could have ordered that the witness appear through Zoom or through any one of these...  How do you order someone who's not in this country? Well, I mean, you could have set down a hearing and then... No, no, I'm serious. How do you... I want to know mechanically if this... I understood maybe he's in Ghana. How does a judge in America order someone in Ghana to appear for a hearing? I am not aware of a way for that to happen. Tell me if there's a way because I'm not aware of it. Your Honor, it's like there isn't a way to order. There's not a way? There isn't a way to order him, Your Honor. You just told us that's one thing he could have done. Set a hearing and order him. But now you're telling me he couldn't have done it. I apologize about the use of the word ordering, but the court could have set up a hearing and facilitated the appearance of the... How do you facilitate the appearance of someone who's overseas? Your Honor, it would have been communication, you know, they could have called Mr. Dosu. Mr. Dosu made himself available and amenable. A hearing could have been set up through Zoom or WebEx or any one of these. Have you ever heard of something like that ever happening in federal court? Federal judge just gets on the phone and just calls somebody? Well, no, Your Honor. I'm serious. Have you ever heard of that happening ever? A witness? I mean, the... Have you ever heard of it ever happening? I'm not even asking whether you've done it. Have you ever heard of it happening? Well, not the phone call, Your Honor, but I mean the... Or Zoom? You've ever heard of that happening? We do it in immigration courts and other federal... You know, other federal... I'm talking about federal courts where rules of evidence apply. No, you haven't. No, I haven't. All right. I think we have your argument. Let's hear from the government, if they have anything to add. Good morning. May it please the court. Rita Maxwell for the United States. I represent the government on appeal, although I did not appear below. There are three independent bases for this court to find. There was no abuse of discretion when Judge Rakoff concluded the petition should be denied. First, Judge Rakoff was correct in finding that DeSue's recantation was not credible after considering the totality of the circumstances. Second, Judge Rakoff was correct in finding that the allegation that the government knew or should have known that DeSue's testimony was false was not credible again after considering the totality of the circumstances. And third, even assuming that DeSue perjured himself and the government knew, there was no way this affected the trial outcome. And that was because there was abundant evidence of Nacanza's guilt. While each ground is an independent basis and soundly within Judge Rakoff's discretion, if this court wishes, it can avoid considering whether DeSue's affidavit was credible and simply rely on the third ground, because it is abundantly clear that DeSue's testimony was not outcome determinative. For the same reason, there was no need for Judge Rakoff to hold a hearing on the petition, although he did consider the affidavit and the audio recording and rejected it for all of the reasons in his decision. But even if the DeSue affidavit were accepted, there would be no basis to disturb Nacanza's conviction due to the other evidence of guilt. If this court has no questions, the government will rest on its brief and request that the court affirm the district court. OK, thank you very much. Mr. Mizrahi, you've reserved a minute for rebuttal. Is there anything you feel compelled to add? OK, thank you very much. We will take the case under advisement. Thanks to both of you for appearing before the court today to answer questions.